THE CAMDEN AND AMBOY RAILROAD COMPANY *vs.* STEWART.

A complainant cannot dismiss his own bill, as to part of the relief prayed, and proceed with the residue; he must apply to amend.

On motion to set aside an order to dismiss part of complainants' bill, made on application of complainant.

*Mr. P. D. Vroom,* in support of the motion.

There is no precedent for the practice pursued in this case. A complainant may, at any time, have his whole bill dismissed, on payment of costs. And, in general, one of several complainants may have the bill dismissed, as to himself. But when the complainant wishes to proceed as to part of the matters contained in his bill, and not as to the

others, he must apply to amend; this is the settled practice. In such case, the defendant is entitled to amend his answer, or answer anew.

Besides, this order only dismisses the bill, as to the relief prayed for. The facts upon which the prayer was based are allowed to stand as the foundation for any other relief. The order should be discharged, because improvidently made, contrary to the settled practice, and because made without notice.

*Mr. J. P. Stockton*, contra.

The bill, until decree, is entirely under the control of the complainant. He may always dismiss it, upon payment of costs. 1 *Dan. Chan. Prac.* 795, 797–8; 1 *Barb. Chan. Prac.* 225, 228; *Cummins* v. *Bennett*, 8 *Paige* 81; *Curtis* v. *Lloyd*, 4 *M. & Cr.* 194; *Dixon* v. *Parks*, 1 *Ves.* 401.

A bill of complaint is divisible into parts, which may be separately disposed of. A defendant may demur to one part of a bill, and answer another part; relief may be decreed upon one part, and refused as to another part. On the application of any complainant, the bill may be dismissed as to him. And the books are full of forms of decrees dismissing a bill as to one part of the matter on which relief is prayed. *Seaton on Decrees* 263; *Curtis' Eq. Prec.* 459; 3 *Dan. Chan. Prac.* 2348; 1 *Craig & Ph.* 204; 1 *Beav.* 230; 1 *Russ. & Mylne* 336. And there is no reason why this should not be done on the application of the complainant.

A precedent in point, is found in the *Practical Register in Chancery* 180, quoting 3 *Px. Alm.* 12 and 37; it is in these words : " If the complainant, *pendente lite*, in this court, enter into any lands in question, or do any such like thing, he shall be dismissed for so much, because he thereby takes upon himself, in some sort, to be judge in his own cause, and renounces the judgment of this court. But for other matter in his bill (if any) he may proceed." 1 *Dan. Chan. Prac.* 815.

The Camden and Amboy Railroad Co. *v.* Stewart.

THE CHANCELLOR.

There is no precedent for allowing a complainant to dismiss his own bill, as to part of the relief prayed for in it, and permitting him to proceed with the residue.

The decrees quoted from the books of precedents are all decrees made upon the hearing of the cause, where, upon the merits, a bill may be dismissed, as to part of the relief prayed for, and the residue of the relief at the same time granted. In equity, a decree that a bill, or part of it, be dismissed, is the form in which it is adjudged that the relief prayed for is denied. It is a decision of the merits. Dismissal by a complainant is a mere discontinuance.

The authority from the *Practical Register* 180, founded on 3 *Px. Alm.* 12 *and* 37, is evidently a case where the *defendant* applied to have the bill dismissed, because the complainant, *pendente lite*, disregarding the jurisdiction of the court, himself took possession of the property, as to which one part of the bill related. The court dismissed the bill, as to that part, but the bill having prayed relief as to other matters, it permitted the complainant to proceed as to them. This is evidently the light in which that authority is regarded in 1 *Dan. Chan. Prac.* 815.

The settled practice in chancery is, to allow, by way of amendment to the bill, what is sought here to be attained by dismissal of part. And the proceeding on such amendment is settled by the rules and practice of the court. These rules are intended for the protection of the defendant, and to allow the same object to be effected by a dismissal of part of the bill, would evade these rules. Were the new practice proposed in this case adopted, new rules would be required to give the same protection.

The order must be set aside as improvidently made, contrary to the settled practice of the court, which requires such change as is here desired, to be made by amending the bill.